**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

FRED WALPOOL                                   CIVIL ACTION NO. 17-0558

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

FRYMASTER, L.L.C.                              MAGISTRATE JUDGE HORNSBY
THE MANITOWOC COMPANY, INC.

**MEMORANDUM RULING**

Before the Court is Defendant Frymaster, L.L.C.'s ("Frymaster") Motion to Dismiss (Record Document 6) Plaintiff Fred Walpool's ("Walpool") Complaint (Record Document 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds that Walpool has not asserted the factual allegations to support his claims and make them plausible. If the Court declines to dismiss Walpool's action, Defendant moves to dismiss Walpool's claim for consequential damages for emotional injury. For the reasons contained in the instant Memorandum Ruling, Frymaster's Motion to Dismiss is **DENIED IN PART** and **GRANTED IN PART**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Walpool began his employment with Frymaster in March 1994 as a welder. See Record Document 16 at 2. In August 2015, Walpool requested that he be allowed to use intermittent leave under the Family Medical Leave Act ("FMLA") so that he could provide transportation for his wife's physical therapy, necessitated by her stroke. See id. The intermittent leave was approved on September 4, 2015, through October 23, 2015. See id. Walpool attests that he complied with all obligations required under the FMLA, as well as Frymaster's policies. See id. However, on September 8, 2015, just four days after

Walpool's intermittent FMLA leave was approved, he was terminated from Frymaster for being "absent without notice." See id.

On April 21, 2017, Walpool filed the instant action asserting claims under the FMLA, 29 U.S.C. § 2611 *et seq* against his former employers Frymaster or Manitowoc Company, Inc. ("Manitowoc"). See Record Document 1. Walpool alleges that his former employers interfered with his substantive rights under the FMLA, and subsequently discharged him in retaliation for exercising his right to FMLA leave. See id. at 3. Walpool seeks damages for past and future lost salary and benefits, liquidated damages equal to his compensatory damages, with interest, and costs, including attorneys' fees. See id. at 4.

On July 7, 2017, Walpool filed a Voluntary Motion to Dismiss Manitowoc, requesting that Manitowoc be dismissed without prejudice. See Record Document 4. On July 11, 2017, Frymaster filed its Motion to Dismiss for failure to state a claim upon which relief can be granted. See Record Document 6. Frymaster seeks dismissal of Walpool's FMLA claims alleging that Walpool "has not asserted the factual allegations to support his claims and make them plausible." See id. Subsequent to Frymaster filing its motion, Walpool filed his First Amended Complaint on August 18, 2017. See Record Document 16.

## LAW AND ANALYSIS

### I.   LEGAL STANDARDS

#### A.  Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states

a claim for relief when, inter alia, it contains a "short and plain statement ... showing that the pleader is entitled to relief ..." Fed.R.Civ.P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility does not equate to possibility or probability; it lies somewhere in between. See id. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. See Twombly, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. See Iqbal, 556 U.S. at 678, 129 S.Ct. 1949. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. Id. Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." Gilbert v. Outback Steakhouse of Florida Inc., 295 Fed. Appx. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted).

In the context of employment discrimination claims, "the ordinary rules for assessing the sufficiency of a complaint apply," and a plaintiff need not establish a *prima facie* case of employment discrimination in his complaint. Swierkiewicz v. Sorema, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002). In other words, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is

and the ground upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512, 122 S.Ct. at 998.

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir.2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Id.

### B. FMLA

"The Family and Medical Leave Act of 1993 allows eligible employees working for covered employers to take temporary leave for medical reasons, for the birth or adoption of a child, and for the care of a spouse, child, or parent who has a serious health condition, without the risk of losing employment." Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 762 (5th Cir.2001), citing 29 U.S.C. § 2601(b)(1) and (2).

In addition to an eligible employee's substantive rights, the FMLA protects employees from interference with their leave as well as against discrimination or retaliation for exercising their rights. See Bocalbos v. National Western Life Ins. Co., 162 F.3d 379, 383 (5th Cir.1998). Section 2615 provides: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). Further, an employer is specifically prohibited from discharging, or otherwise discriminating or retaliating against, an employee for exercising rights under the FMLA. See 29 U.S.C. § 2615(a)(2). Thus, employers "must grant employees substantive rights guaranteed by the FMLA—and ...

they may not penalize employees for exercising these rights." Chaffin v. Carter, 179 F.3d 316, 319 (5th Cir.1999); see also Cuellar v. Keppel Amfels, L.L.C., 731 F.3d 342, 348–49 (5th Cir.2013).

## II.   ANALYSIS

### A.  FMLA Interference

"An employer may not 'interfere with, restrain, or deny the exercise of ... any right provided under' the FMLA." Boudreaux v. Rice Palace, Inc., 491 F. Supp .2d 625, 639 (W.D. La. 2007), citing 29 U.S .C. § 2615(a)(1). The term "interference" is not defined in the FMLA; however, a regulation promulgated by the Department of Labor states that "[i]interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220. Also, an employer's failure to comply with the notice requirements mandated by the FMLA, and its associated regulations, may constitute an interference with, restraint, or denial of an employee's FMLA rights. See 29 C.F.R. § 825.300(e).

To establish a *prima facie* case of interference under the FMLA, a plaintiff must show: (1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) his employer denied him the benefits to which he was entitled under the FMLA. See Caldwell v. KHOU-TV, 850 F.3d 237, 245 (5th Cir. 2017), citing Lanier v. Univ. of Tex. Sw. Med. Ctr., 527 Fed.Appx. 312, 316 (5th Cir. 2013).

Walpool clearly alleges, and Frymaster concedes, he was (1) an eligible employee; (2) his employer, Frymaster, was subject to the FMLA requirements; (3) he was entitled

to leave; and (4) Frymaster denied him his leave. <u>See</u> Record Document 1 ¶ 4, ¶ 5, ¶ 8-10; Record Document 16 ¶ 7. Frymaster contends Walpool failed to plead he gave proper notice of his intention to go on leave on the day he did. <u>See</u> Record Document 6-1 at 4.

Concerning the obligation to provide proper notice, "[a]n employer may … require that an employee hew to the employer's usual and customary procedures for requesting FMLA leave. Discipline resulting from the employee's failure to do so does not constitute interference with the exercise of FMLA rights unless the employee can show unusual circumstances." <u>Acker v. Gen. Motors, L.L.C.</u>, 853 F.3d 784, 789 (5th Cir. 2017). To determine whether proper notice was given, "[t]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." <u>Willis v. Coca Cola Enters., Inc.</u>, 445 F.3d 413, 417 (5th Cir. 2006), <u>quoting</u> <u>Manuel v. Westlake Polymers Corp.</u>, 66 F.3d 758, 764 (5th Cir. 1995). The threshold for providing proper notice that an employee intends to take FMLA leave is low. <u>See</u> <u>Miles–Hickman v. David Powers Homes, Inc.</u>, 589 F.Supp.2d 840, 874 (S.D. Tex. 2008) (holding that providing notice to a coworker who then informed the Human Resources Director of the employee's need for emergency medical procedures was adequate notice under the FMLA).

Walpool alleged in his original Complaint "in late August 2015, [he] requested that he be allowed intermittent leave under the [FMLA]." Record Document 1 ¶ 8. Walpool alleges the intermittent leave was approved on September 4, 2015, and effective through October 23, 2015. <u>See</u> Record Document 1 ¶ 9. In his amended Complaint, Walpool states, "Paperwork dated September 4, 2015 indicates that [he]: (1) complied with all requirements under the FMLA; (2) was approved of said leave; and (3) complied with

Defendant's policies…specifically the provisions of Section 9.4 Family and Medical Leave of Plaintiff's Employee Handbook." Record Document 16 ¶ 10. Thus, it is clear that Walpool has sufficiently alleged that he gave proper notice that he would be absent on the day in question, September 8, 2015. Accepting Walpool's allegations as true, he has successfully stated a FMLA interference claim that is plausible on its face. Accordingly, Frymaster's Motion to Dismiss Walpool's FMLA interference claim is **DENIED**.

### B. FMLA Retaliation

In McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), the Supreme Court laid out a three-part framework by which to analyze discrimination claims brought under Title VII. "The Fifth Circuit applies the McDonnell Douglas framework to analyze retaliation claims under the FMLA, as 'there is no significant difference between such claims under the FMLA and similar claims under other antidiscrimination laws.'" Hunt, 277 F.3d at 768, quoting Chaffin v. John H. Carter Co., 179 F.3d 316, 319 (5th Cir. 1999). "Nothing in the FMLA landscape suggests that the teachings of McDonnell Douglas would be less useful in ferreting out illicit motivations in that setting." Id., quoting Chaffin, 179 F.3d at 319.

Under McDonnell Douglas, the plaintiff "must first create a presumption of discrimination by making out a *prima facie* case ...." Laxton v. Old Navy, 333 F.3d 572, 578 (5th Cir. 2003), citing Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 219 (5th Cir. 2001). A plaintiff establishes a *prima facie* case of retaliation under the FMLA by showing that: (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; and (3) the adverse decision was made because he took FMLA leave. See Hunt, 277 F.3d at 768.

Walpool is also successful in pleading his FMLA retaliation claim. He has alleged he was protected under the FMLA. See Record Document 1 ¶ 8-10; Record Document 16 ¶ 7. He obviously suffered an adverse employment decision when he was terminated on September 8, 2015. See Record Document 1 ¶ 10. Furthermore, Walpool's Complaint sufficiently pleads his termination was because of his protected activity.

The temporal proximity between Walpool's FMLA leave and his termination suffices to establish the requisite causal link. "When evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the 'temporal proximity' between the [FMLA-protected activity] and the termination." Maunder v. Metro. Transit Auth. Of Harris Cnty., Tex., 446 F.3d 574, 583 (5th Cir. 2006). The Fifth Circuit has held that close timing between an employee's protected activity and an adverse action may provide the causal connection required to make out a *prima facie* case of retaliation. See Swanson v. Gen. Serv. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997). A time period of five days between the employee's protected activity and termination was sufficient on its own to establish the causal connection element of plaintiff's *prima facie* retaliation claim. See Evans v. City of Houston, 246 F.3d 344, 354 (5th Cir. 2001). The Fifth Circuit has also recognized much larger time lapses, from 15 days to two-and-a-half months, between protected activity and an adverse action sufficient for a plaintiff's *prima facie* case. See Ware v. CLECO Power, L.L.C., 90 Fed.Appx 705, 708 (5th Cir. 2004); Richard v. Cingular Wirless, L.L.C., 233 Fed.Appx. 334, 338 (5th Cir. 2007). This Court has even recognized a five-month time period established the required causal connection. See Glover v. Hester, 2011 WL 1467635, at *14 (W.D. 2011) ("there was a five month window between the two events … out of an

abundance of caution and for the purposes of this motion only, this Court will assume that Plaintiff has successfully plead a *prima facie* case of retaliation under the FMLA").

Here, Walpool alleges Frymaster terminated him within just "days of requesting leave and only four days after being approved for leave." Record Document 10 at 11. Given Fifth Circuit precedent, Frymaster's termination of Walpool just four days after his FMLA leave was approved is sufficient for Rule 12(b)(6) purposes to establish the causal connection required to make out Walpool's *prima facie* case for his FMLA retaliation claim.

Frymaster believes Walpool misstates the standard relative to his retaliation claim. <u>See</u> Record Document 6-1 at 5; Record Document 13 at 3. Frymaster asserts Walpool must show "(1) [h]e engaged in [the required] protected activity… (2) the employer discharged h[im], and (3) there is a causal link between the protected activity and the discharge." Record Document 6-1 at 5, <u>quoting</u> Hunt, 277 F.3d at 768.[1] Furthermore, Frymaster uses a literal interpretation of 29 U.S.C. § 2615(a)(2)[2] to argue Walpool did not engage in any protected activity because he "does not allege that he 'oppos[ed] any practice made unlawful' by the FMLA." Record Document 6-1 at 5.

However, the Fifth Circuit and this Court have repeatedly applied the *prima facie* standard used in the instant analysis for FMLA retaliation claims. <u>See</u> <u>Wiggins v. Coast Prof'l, Inc.</u>, 2014 WL 2768841 (W.D. La. 2014); <u>Glover</u>, 2011 WL at *12; <u>Leal v. B F T, L.P.</u>, 423 F. App'x 476, 479 (5th Cir. 2011); <u>Mauder</u>, 446 F.3d at 583; <u>Grubb v. Sw.</u>

---

[1] Frymaster is correct that some courts in the Fifth Circuit have used this standard to analyze a plaintiff's *prima facie* case. <u>See</u> <u>Richardson v. Monitronics Int'l, Inc.</u>, 434 F.3d 327, 332 (5th Cir. 2005) (<u>citing</u> <u>Hunt</u>, 277 F.3d at 768). However, there are a significant number of cases which use the *prima facie* case cited by the Court. As will be explained more fully below, Walpool has alleged facts which would satisfy both standards.

[2] "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for *opposing any practice* made unlawful by this subchapter." 29 U.S.C.A. § 2615(a)(2).

<u>Airlines</u>, 296 F. App'x 383, 389 (5th Cir. 2008). Even if the Court were to follow Frymaster's proposed standard, Walpool has alleged sufficient facts. Frymaster's argument that Walpool did not engage in any protected activity is frivolous, supported by the fact Frymaster fails to cite a single authority in support. Walpool requested leave in late August and was granted leave on September 4. Both of these actions are considered "engaging in protected activity." <u>See</u> <u>Harville v. Texas A & M Univ.</u>, 833 F. Supp. 2d 645, 657 (S.D. Tex. 2011) (plaintiff "engaged in the protected activity of requesting FMLA leave"); <u>see also</u> 29 C.F.R. § 825.220(c) (the FMLA "prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights").

Walpool's Complaint, taken as true, contains sufficient factual matter to state a FMLA retaliation claim that is plausible on its face. Accordingly, Frymaster's Motion to Dismiss Walpool's FMLA retaliation is **DENIED**.

### C. Walpool's Emotional Distress Claim

The FMLA does not authorize recovery of damages for emotional distress. The remedial provision of FMLA, 29 U.S.C. § 2617, provides: "Any employer who violates section 2615 of this title shall be liable to any eligible employee affected . . . for damages equal to … the amount of … any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 26 U.S.C. § 2617(a)(1). "[N]ominal damages are not available under the FMLA because the statutory language of the FMLA specifically limits recovery to actual monetary losses." <u>Oby v. Baton Rouge Marriott</u>, 329 F. Supp.2d 772, 788 (M.D. La. 2004); <u>see also</u> 29 U.S.C. § 2617 ("[Section] 2617(a)(1) does not provide for recovery of general or consequential

damages"); <u>Nero v. Indus. Molding Corp.</u>, 167 F.3d 921, 930 (5th Cir. 1999), <u>citing</u> <u>Smith v. Office of Personnel Management</u>, 778 F.2d 258, 261 (5th Cir. 1985).

"The remedies available under the FMLA do not include damages for emotional distress or punitive damages, and courts have recognized this limit." <u>Sturza v. Loadmaster Eng'g, Inc.</u>, 2008 WL 1967102, at *3 (S.D. Tex. May 1, 2008), <u>citing</u> <u>Montgomery v. Maryland</u>, 2003 WL 21752919, at *2 (4th Cir. 2003) (emotional distress damages not covered under FMLA); <u>Graham v. State Farm Mut. Ins. Co.</u>, 193 F.3d 1274, 1284 (11th Cir.1999) (same); <u>Alvarez v. Hi-Temp Inc.</u>, 2004 WL 603489, at *4 (N.D. Ill 2004) (neither emotional distress nor punitive damages available under FMLA).

Walpool concedes that damages for emotional distress are not recoverable under the FMLA. <u>See</u> Record Document 10 at 11, n. 11. Accordingly, Frymaster's Motion to Dismiss Walpool's claim for compensatory damages for his alleged emotional distress or pain and suffering is **GRANTED**.

## CONCLUSION

Based on the foregoing analysis, the Court finds Walpool has sufficiently plead both his FMLA interference and FMLA retaliation claims. Additionally, compensatory damages for Walpool's alleged emotional distress or pain and suffering are not recoverable under the FMLA.

Accordingly, **IT IS ORDERED** Frymaster's Motion to Dismiss Walpool's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Record Document 6) is hereby **DENIED IN PART** and **GRANTED IN PART**. Frymaster's Motion to Dismiss Walpool's FMLA interference claim under 29 U.S.C. § 2615(a)(1) and FMLA retaliation claim under

29 U.S.C. § 2615(a)(2) is **DENIED**. Frymaster's Motion to Dismiss Walpool's claim for compensatory damages is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 16th day of November, 2017.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT